ORIGINAL
FILED

08 NOV -7 PM 12: 39

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIW ASSOCIATES, a California General Partnership,<br><br>Plaintiff,<br><br>v.<br><br>M/Y JUST US II, Official No. 668158, A 40.9-FOOT HATTERAS MOTOR YACHT, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, *in rem*,<br><br>Defendant. | Case No. **'08 CV 2051 WQH NLS**<br><br>IN ADMIRALTY<br><br>[PROPOSED] ORDER APPOINTING SUBSTITUTE CUSTODIAN AND FOR AUTHORIZATION FOR MOVEMENT OF DEFENDANT VESSEL<br><br>F.R.C.P. Supplemental Admiralty Rules C and E.<br><br>46 U.S.C. Sections 30101-31343 |

Plaintiff HIW Associates (hereinafter "PLAINTIFF"), by and through its attorney, Weiss & Jones, L.L.P., having appeared and made the following recitals:

1.     On or about October 30, 2008, the Verified Complaint herein was filed praying the DEFENDANT VESSEL be condemned and sold to pay PLAINTIFF's demands and for other proper relief.

2.     It is anticipated that pursuant to Order of this Honorable Court issued shortly after the filing of the Verified Complaint, the Clerk of the Court will issue a Warrant for Arrest of the DEFENDANT VESSEL, commanding the United States Marshal for this

///

1  District to arrest and take into custody the DEFENDANT VESSEL and to detain her in his

2  custody until further Order of this Court respecting same.

3       3.       It is accordingly contemplated that the United States Marshal will arrest the

4  DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the

5  services of one or more keepers, and does not include charges for wharfage and the other

6  services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

7       4.       DEFENDANT VESSEL is presently in a slip located at PLAINTIFF's marina,

8  which is located at 2040 Harbor Island Drive, San Diego, California 92101.  PLAINTIFF has

9  agreed to assume the responsibility for safekeeping the said DEFENDANT VESSEL in the

10  slip where she is currently located or another suitable slip at the marina and to act as her

11  custodian until further Order of this Court.  It will provide, as necessary under the

12  circumstances, the following services for the safekeeping of the DEFENDANT VESSEL, at

13  a cost not to exceed prevailing rates of the port, as described with further particularity below

14  and in the Declaration of Eric Leslie:

15       a.  Assume custody of the DEFENDANT VESSEL from the United States

16  Marshal at the place of her arrest, and maintain her in her slip, at the usual transient rate of

17  $30.00 per day, until further Order of the Court;

18       b.  As soon as possible after assuming custody of the DEFENDANT VESSEL, at

19  a cost of $200.00, photograph and/or video tape her interior and exterior, and prepare a

20  written inventory of key equipment and property on the vessel which is not installed as part

21  of the vessel;

22       c.  Provide custodial ongoing custodial services, at the rate of 50 cents per foot of

23  vessel length per day (i.e., $20 per day), to include maintenance of the insurance specified

24  below, periodic inspection of mooring lines/fenders to assure safe and secure mooring, daily

25  visual inspection of the exterior of the vessel for evidence of water intrusion, tampering or

26  any other problems, and "walk by" inspections by security patrols.

27       d.  Periodically as deemed prudent under the existing circumstances, but no less

28  than weekly, at the rate of $50.00 per inspection, inspect the interior of the DEFENDANT

1  VESSEL for watertight integrity, excessive bilge water and fuel lubricant leaks. If it is

2  determined that further action is necessary beyond those detailed herein the Substitute

3  Custodian shall notify its counsel, so counsel can seek an appropriate order from the Court.

4         e.   Provide at rates not exceeding the usual and customary rates prevailing in the

5  Port of San Diego additional services such as cleaning, minor maintenance, inspection of

6  bottom by a diver for the purpose of cleaning and reporting findings regarding underwater

7  hull, metal and zinc conditions, as such services are deemed reasonably prudent and

8  necessary to preserve and protect the DEFENDANT VESSEL.

9         f.   Engines and other machinery will be operated only as directed in a Court

10  Order.

11         g.   Provide other such services as might be required from time-to-time, by further

12  Order of the Court.

13         5.   The Substitute Custodian will not sell the DEFENDANT VESSEL, release her

14  to anyone and/or let anyone aboard her, other than in the case of emergency or as directed by

15  the Court.

16         6. PLAINTIFF has adequate facilities and supervision for the proper safekeeping

17  of the DEFENDANT VESSEL and it maintains insurance policies which protect it against

18  occurrences of negligence during its custodianship. Those policies include, among others:

19  "(a) commercial general liability with New Hampshire Insurance Company, with a per

20  occurrence limit of $1,000,000 and a coverage limit of $2,000,000; and (b) protection and

21  indemnity coverage with New Hampshire Insurance Company, with a per occurrence limit of

22  $1,000,000 and a coverage limit of $2,000,000; and ( ) excess/umbrella liability coverage

23  with Navigators California Insurance, with a per occurrence and aggregate limit of $19

24  million.  The Substitute Custodian accepts, in accordance with the terms of the Order

25  Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the

26  DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances,

27  *etc.*, and all other necessaries thereunto appertaining and belonging, which is the subject of

28  the action herein.

1    7.    PLAINTIFF, in consideration of the U.S. Marshal's consent to the

2  substitution of custodian, agrees to release the United States and the Marshal from any and

3  all liability and responsibility arising out of the care and custody of the DEFENDANT

4  VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other

5  necessaries thereunto appertaining and belonging, from the time the Marshal transfers

6  possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said

7  PLAINTIFF further agrees to hold harmless and indemnify the United States and the Marshal

8  from any and all claims whatsoever arising out of the Substitute Custodian's possession and

9  safekeeping.

10    8.  HIW Associates, in consideration of the Marshal's consent to the substitution

11  of custodian, agrees to release the United States and the Marshal from any and all liability

12  and responsibility arising out of the case and custody of the DEFENDANT VESSEL, her

13  engines, boilers, tackle, apparel, furnishings, appurtenances, *etc.*, and all other necessaries

14  thereunto appertaining and belonging, from the time the Marshal transfers possession of said

15  vessel over to said Substitute Custodian, and further agrees to hold harmless and indemnify

16  the United States and the Marshal from any and all claims whatsoever arising out of the

17  substitute custodian's possession and safekeeping.

18    **THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the

19  Southern District be, and is hereby, authorized and directed upon seizure of the

20  DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances,

21  etc., and all other necessaries thereunto appertaining and belonging, pursuant to the Warrant

22  for Arrest, to surrender the possession thereof to the Substitute Custodian named herein, and

23  that upon such surrender the Marshal shall be discharged from his duties and responsibilities

24  for the safekeeping of said vessel and held harmless from and against any and all claims

25  whatever arising out of said substituted possession and safekeeping.

26    **IT IS FURTHER ORDERED** that HIW Associates be, and is hereby appointed, the

27  Substitute Custodian of said DEFENDANT VESSEL, to retain her in its custody for

28  possession and safekeeping for the aforementioned compensation and in accordance with the

1    Declaration of Eric Leslie and the recitals herein contained until further Order of this Court.

2         **IT IS FURTHER ORDERED** that PLAINTIFF's attorney will serve by mail a copy

3    of said Order to the person(s) believed to be the owner(s) of the DEFENDANT VESSEL.

4

5    Dated: November 7, 2008                    _____

6                                              UNITED STATES DISTRICT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28